# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0493** (Mercer County 18-F-272-DS)

**Brad S.,**
**Defendant Below, Petitioner**

**FILED**
**December 7, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brad S., by counsel Natalie N. Hager, appeals the order of the Circuit Court of Mercer County, entered on May 13, 2019, denying his motion for a new trial and sentencing him to incarceration in the West Virginia State Penitentiary for an effective term of twenty-one to twenty-three years upon his conviction of attempted sexual assault in the third degree; sexual abuse by a parent, guardian, custodian or person in a position of trust to a child; display to a minor of obscene matter; and use of obscene matter with intent to seduce a minor. Respondent State of West Virginia appears by counsel Patrick Morrisey and Shannon Frederick Kiser.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]The Court is in receipt of a responsive brief filed by a guardian ad litem on behalf of the minor victim. Our Rules of Appellate Procedure provide that "[a]ll parties to the proceeding in the court from which the appeal is taken shall be deemed parties in this Court" (R.A.P. 5(c), in relevant part), but with the exception of certain governmental agencies, "[a]ny . . . amicus curiae may file a brief only by leave of Court or if the brief states that all parties have consented to its filing" (R.A.P. 30(a), in relevant part). Though the circuit court permitted the guardian ad litem to assist the minor victim at petitioner's criminal trial, a victim is not a party to a criminal prosecution. The victim is, thus, not a party to the appeal. For this reason, we order the brief filed by the guardian ad litem in this case stricken from this Court's docket. This ruling concerns the filing of this brief in this case only and does not address the discretion of the circuit court, in unique situations, to appoint or allow a guardian ad litem to represent the best interests of a child victim connected with a criminal prosecution. *See, e.g.,* Tanya Asim Cooper, "Sacrificing the Child to Convict the Defendant: Secondary Traumatization of Child Witnesses by Prosecutors, Their Inherent Conflict of Interest, and the Need for Child Witness Counsel," 9 Cardozo Pub. L. Pol'y & Ethics J. 239, 250 (2011).

One morning in July of 2018, a twelve-year-old boy walked into a Princeton, West Virginia bank and asked to borrow a telephone. He used the phone to call his mother, who in turn called the City of Princeton Police Department to report a series of incidents that her son had just described to her. It came to light that earlier that morning petitioner summoned the boy (his houseguest and the grandson of his girlfriend) to a room in his home and showed the boy a pornographic video of a male and female engaged in sexual intercourse. The boy left the room. About fifteen minutes later petitioner again called the boy into a room where petitioner was naked, masturbating, and watching a second pornographic video that depicted anal intercourse. At some point, petitioner asked the boy if he "wanted to make fifty bucks." The boy again left the room, but petitioner persisted and approached the boy with a note that read, "If you suck my d--k I'll give you $50 and I'll leave you alone." Petitioner touched the boy's genitalia from outside the boy's clothing, and the boy left the house and went to the bank where he telephoned his mother.

After receiving the mother's report, Detective Sean Severt went to the bank where he spoke with the boy shortly after 8:17 a.m. Because the boy's mother was in a different town and had not yet arrived in Princeton, Detective Severt took the boy to the police station and arranged for an interview by a child protective services professional. He arrested petitioner at petitioner's home at about 10 a.m. Detective Severt then spent several hours obtaining, processing, and executing a search warrant. He returned to the police station at 4 p.m., read petitioner his *Miranda*[2] warning, and questioned him for about fifteen minutes. According to Detective Severt, petitioner confessed to the acts described by the boy. During his confession, petitioner explained that the boy "was turning into a man and somebody was going to have to show him before too long." Upon receiving the confession, Detective Severt took petitioner to magistrate court and petitioner was arraigned at approximately 4:30 p.m.

The Mercer County Grand Jury returned an indictment in October of 2018, on the four counts listed above. Prior to trial, petitioner filed a motion to suppress his statement, arguing that the prompt presentment rule was violated because six hours passed between his initial arrest and his arraignment.[3] He also filed a motion to dismiss the third count of his indictment ("distribution and display to a minor of obscene material"), which he argued violated principles against double jeopardy because the charge was duplicative of that set forth in the fourth count ("use of obscene matter to seduce a minor").

The circuit court conducted a suppression hearing, and found that petitioner was not threatened, forced, or coerced; that his statement was voluntarily given; and that there was no

---

[2]*See Miranda v. Arizona*, 384 U.S. 436 (1966).

[3]In his brief to this Court, petitioner argues that the delay continued for twelve hours in total, because the magistrate judge did not sign the commitment order until approximately 10:30 p.m. The prompt presentment rule "requires an individual to be promptly taken before a neutral magistrate after arrest. This is to ensure that the accused is fully informed of his various constitutional and statutory rights." *State v. Grubbs*, 178 W. Va. 811, 814, 364 S.E.2d 824, 827 (1987). For this reason, we are not concerned with the six hours that elapsed between petitioner's presentment to the magistrate and the magistrate's signing of the commitment order.

prompt presentment violation. The court also considered petitioner's challenge to the indictment, based on petitioner's argument that the third and fourth counts were duplicative. The court determined that the two counts charged crimes based on separate and distinct incidents, and the indictment therefore did not violate double jeopardy principles. Petitioner ultimately was convicted of all four counts set forth in the indictment and sentenced as described above.

On appeal, petitioner asserts two assignments of error. He argues, first, that "[t]he trial court violated the [p]rompt [p]resentment [r]ule in allowing [p]etitioner's statement into evidence" and, second, that the circuit court erred in denying his motion to dismiss the third count of his indictment, which charged petitioner with the display of obscene material to a minor.

Petitioner's first assignment of error, in which he argues that the "prompt presentment" rule was violated, is better described as an attack on the circuit court's denial of petitioner's motion to suppress his confession, and we review it as such. "On appeal, legal conclusions made with regard to suppression determinations are reviewed *de novo*. Factual determinations upon which these legal conclusions are based are reviewed under the clearly erroneous standard. In addition, factual findings based, at least in part, on determinations of witness credibility are accorded great deference." Syl. Pt. 3, *State v. Stuart*, 192 W. Va. 428, 452 S.E.2d 886 (1994).

Our prompt presentment rule is a creature of statute.[4] It guarantees that

[a]n officer making an arrest under a warrant issued upon a complaint, or any person making an arrest without a warrant for an offense committed in his presence or as otherwise authorized by law, shall take the arrested person without unnecessary delay before a magistrate of the county where the arrest is made.

W. Va. Code § 62-1-5(a)(1). But we have been clear that it is not the delay itself that triggers application of the rule. Rather, the delay in taking a defendant to a magistrate may become a critical factor in evaluating the voluntariness of a defendant's statement "where it appears that the primary purpose of the delay was to obtain a confession from the defendant." Syl. Pt. 6, in part, *State v. Persinger*, 169 W. Va. 121, 286 S.E.2d 261 (1982). Here, however, petitioner does not argue that the circumstances of his custodial interrogation were coercive, much less intentionally so. Instead, he seemingly argues that the time he spent in custody was sufficiently substantial to require a finding that police officers failed to present him to the magistrate "without unnecessary delay" as required by the statute. We have rejected the notion that length of detainment creates a per se violation. *See State v. DeWeese*, 213 W. Va. 339, 345 n.8, 582 S.E.2d 786, 792 n.8 (2003). Petitioner's argument, based as it is on time alone, fails.[5]

---

[4] It is not, as petitioner argues, a right guaranteed by article III, section 6 of the West Virginia Constitution, which prohibits unreasonable search and seizure. Though the rule is "designed to protect the constitutional rights of an accused" it is a statutory and procedural right only. *DeWeese*, 213 W. Va. at 346, 582 S.E.2d at 793.

[5] We note that Detective Sever interviewed petitioner for only about fifteen minutes, then quickly delivered petitioner to magistrate court. The time preceding the interview of petitioner was spent completing tasks such as securing the victim's safety and obtaining a warrant for the search

We turn to petitioner's second and final assignment of error, wherein he argues that his conviction of both the third and fourth counts of the indictment subjects him to multiple punishments for the same offense, a practice forbidden by the Double Jeopardy Clauses of the West Virginia and United States Constitutions. *See* W. Va. Const. art. 3, § 5; U.S. Const. amend. V. A claim of double jeopardy is reviewed de novo. Syl. Pt. 1, *State v. Sears,* 196 W. Va. 71, 468 S.E.2d 324 (1996). However,

> [i]n order to establish a double jeopardy claim, the defendant must first present a *prima facie* claim that double jeopardy principles have been violated. Once the defendant proffers proof to support a nonfrivolous claim, the burden shifts to the State to show by a preponderance of the evidence that double jeopardy principles do not bar the imposition of the prosecution or punishment of the defendant.

Syl. Pt. 2, *id*.

In the case before us, petitioner has failed to present a prima facie claim meriting our review. In denying petitioner's motion to dismiss the third count of his indictment, the circuit court unequivocally explained its finding that the third count was based on petitioner's showing of the first pornographic video to his victim, and the fourth count was based on petitioner's showing of the second pornographic video to his victim. Petitioner presents his argument as if the circuit court had not provided this cogent explanation. He wholly ignores the circuit court's finding and asks us to find that the crime charged in the third count is a lesser included offense of the crime charged in the fourth count. For the purposes of petitioner's indictment, it is not. Petitioner showed a twelve-year-old boy a video of a male-female couple engaged in sexual intercourse, warranting the charge in the third count of the indictment ("distribution and display to a minor of obscene material"). The boy temporarily escaped, but petitioner called him back to a room where petitioner waited, nude, to show the twelve-year-old boy a different video of a couple engaged in anal intercourse, warranting the charge in the fourth count of the indictment ("use of obscene matter to

---

of petitioner's home. These are tasks that likely would be found "necessary" for the purpose of the prompt presentment statute. We have explained:

> Examples of necessary delay might include those required: 1) to carry out reasonable routine administrative procedures such as recording, fingerprinting and photographing; 2) to determine whether a charging document should be issued accusing the arrestee of a crime; 3) to verify the commission of the crimes specified in the charging document; 4) to obtain information likely to be a significant aid in averting harm to persons or loss to property of substantial value; 5) to obtain relevant nontestimonial information likely to be significant in discovering the identity or location of other persons who may have been associated with the arrestee in the commission of the offense for which he was apprehended, or in preventing the loss, alteration or destruction of evidence relating to such crime.

*Persinger*, 169 W. Va. at 135, 286 S.E.2d at 270 (quoting *Johnson v. State*, 282 Md. 314, 384 A.2d 709, 717 (1978)).

4

seduce a minor"). This description of events is sufficient to establish that petitioner displayed different videos at distinct junctures and—based on petitioner's latter state of undress—with varying tactics to approach his victim. The charges in the third and fourth counts of the indictment therefore do not arise from the same criminal conduct.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5